IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

STEPHEN JOINER                                                                                    PLAINTIFF

V.                                                                          CAUSE NO.: 1:14CV090-SA-DAS

CITY OF COLUMBUS, MISSISSIPPI,
CAPTAIN FREDERICK SHELTON, in his official capacity                    DEFENDANTS

ORDER ON ATTORNEYS FEES

After accepting a Rule 68 Offer of Judgment, Plaintiff filed the instant Motion for Attorney's Fees seeking $157,305.09 for his attorneys' work in this case. The motion is ripe and the Court finds as follows:

*Factual and Procedural Background*

Stephen Joiner filed a complaint in this court on May 15, 2014 challenging the facial and as applied constitutionality of the City of Columbus's Parade Ordinance and Handbill Ordinance. Plaintiff filed a Motion for Preliminary Injunction [2], which the Court set for hearing in December. Prior to holding the hearing, however, the City of Columbus amended their Parade Ordinance to comply with the First Amendment. The hearing was cancelled accordingly, and the Plaintiff withdrew the Motion for Preliminary Injunction [45].

Initial discovery was exchanged in the case, but before depositions were taken, Defendants extended, and Plaintiff accepted, a Rule 68 Offer of Judgment. The Offer obligated Defendants to pay "jointly but not severally" $10,263.01 plus "all reasonable and necessary attorney's fees and costs to which the Plaintiff is statutorily or otherwise entitled under [Federal Rule of Civil Procedure] 68 to the extent incurred and substantiated under prevailing legal standards as of the time of conveyance and service of this offer and in amount to be determined by the Court upon evidentiary submissions and, if appropriate, a hearing."

Upon Notice of Acceptance of the Rule 68 Offer [72], the Court entered Final Judgment [73] in favor of Plaintiff on March 30, 2015. Plaintiff thereafter filed his Motion for Attorney's Fees [74].

*Standard of Review of Attorneys' Fees*

The well-established "American Rule" is that a prevailing party is not ordinarily entitled to recover attorney's fees from the losing party. *See Pennsylvania v. Delaware Valley Citizens Council*, 478 U.S. 546, 561, 106 S. Ct. 3088, 3097, 92 L. Ed. 2d 439 (1986) (citing *Alyeska Pipeline Service Co. v. Wilderness Society*, 421 U.S. 240, 247, 95 S. Ct. 1612, 1616, 44 L. Ed. 2d 141 (1975)). Congress responded to the *Alyeska* decision by creating a statutory entitlement to "reasonable" attorney's fees for "prevailing" parties in civil rights litigation. *See Hensley v. Eckerhart*, 461 U.S. 424, 429, 103 S. Ct. 1933, 1937, 76 L. Ed. 2d 40 (1983). As amended, 42 U.S.C. § 1988 provides in relevant part:

> In any action or proceeding to enforce a provision of section 1981, 1982, 1983, 1985, and 1986 of this title, . . . the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs.

While the statutory language is discretionary, the Supreme Court has held that fee awards should be denied only where special circumstances render an award unjust. *Newman v. Piggie Park Enter.*, 390 U.S. 400, 402, 88 S. Ct. 964, 966, 19 L. Ed. 2d 1263 (1968) (citation omitted). The statutory threshold for entitlement to section 1988 fees is that the plaintiff must be a "prevailing party." This requirement is met if he succeeds "on any significant issue in litigation which achieves some of the benefit [he] sought in bringing the suit." *Texas State Teachers v. Garland Indep. School District*, 489 U.S. 782, 792, 109 S. Ct. 1486, 1491, 103 L. Ed. 2d 866 (1989) (citation omitted). It is also clear that a plaintiff need not proceed to a "full litigation of

2

the issues" to be a "prevailing party." *Maher v. Gagne*, 448 U.S. 122, 129, 100 S. Ct. 2570, 2575, 65 L. Ed. 2d 653 (1980). Vindication through a consent decree (*Hanrahan v. Hampton*, 446 U.S. 754, 757, 100 S. Ct. 1987, 64 L. Ed. 2d 670 (1980) (per curiam)) or a Rule 68 offer of judgment (*Delta Air Lines v. August*, 450 U.S. 346, 352, 101 S. Ct. 1146, 67 L. Ed. 2d 287 (1981)) also entitles a successful plaintiff to attorney's fees. In the present case the Court finds no special circumstances, nor do the defendants advance any, that would render an award of attorney's fees unjust.

"[T]he fee applicant bears the burden of establishing entitlement to an award and documenting the appropriate hours expended and hourly rates. The applicant . . . should maintain billing time records in a manner that will enable a reviewing court to identify distinct claims." *Hensley*, 461 U.S. at 437, 103 S. Ct. 1933; *see also Bode v. United States*, 919 F.2d 1044, 1047 (5th Cir. 1990) ("[T]he party seeking reimbursement of attorneys' fees ... has the burden of establishing the number of attorney hours expended, and can meet that burden only by presenting evidence that is adequate for the court to determine what hours should be included in the reimbursement."). However, attorney's fees awards should not provide a windfall to plaintiffs. *See Hensley*, 461 U.S. at 430 n. 4, 103 S. Ct. 1933 (explaining statutory goal of avoiding windfalls to attorneys); *see also City of Riverside v. Rivera*, 477 U.S. 561, 580, 106 S. Ct. 2686, 91 L. Ed. 2d 466 (1986) ("Congress intended that statutory fee awards be 'adequate to attract competent counsel, but . . . not produce windfalls to attorneys.'" (quoting S.Rep. No. 1011, 94th Cong., 2d Sess. 6 (1976), reprinted in 1976 U.S.C.C.A.N. 5908, 5913)).

Determinations of hours and rates are questions of fact. *See Louisiana Power & Light Co. v. Kellstrom*, 50 F.3d 319, 324 (5th Cir. 1995); *Bode*, 919 F.2d at 1047 (reviewing hours for clear error). "It remains important, however, for the district court to provide a concise but clear

explanation of its reasons for the fee award." *Hensley*, 461 U.S. at 437, 103 S. Ct. 1933; *see also Brantley v. Surles*, 804 F.2d 321, 325–26 (5th Cir. 1986) ("Our concern is not that a complete litany be given, but that findings be complete enough to assume a review which can determine whether the court has used proper factual criteria in exercising its discretion to fix just compensation."); *Nisby v. Comm'rs of Court*, 798 F.2d 134, 137 (5th Cir.1986) ("When the district court does not explain its reasons for the attorney's fee it awards, we are unable adequately to review the propriety of the fee award."); *Baughman v. Wilson Freight Forwarding Co.*, 583 F.2d 1208, 1219 (3rd Cir. 1978) (requiring explanation of district court's adjustment of lodestar).

*Discussion and Analysis*

The first step in determining a reasonable attorney's fee is to ascertain the "lodestar" figure; this is done by multiplying the "number of hours reasonably expended on the litigation times a reasonable hourly rate." *Blum v. Stenson*, 465 U.S. 886, 888, 104 S. Ct. 1541, 1544, 79 L. Ed. 2d 891 (1984); *Hensley*, 461 U.S. at 433, 103 S. Ct. 1933. The district court must determine whether the hours claimed were "reasonably expended on the litigation." *Alberti v. Klevenhagen*, 896 F.2d 927, 933–34 (5th Cir.), *vacated on other grounds*, 903 F.2d 352 (5th Cir.1990); *see also Hensley*, 461 U.S. at 434, 103 S. Ct. 1933 ("The district court also should exclude from this initial fee calculation hours that were not 'reasonably expended.'"). The lodestar determination is not mechanistic, and "the district court's determination of the lodestar amount should not be guided solely by the billing records or the rates requested in the fee petition." *Coleman v. Houston Indep. Sch. Dist.*, No. 98-20692, 202 F.3d 264, *3 (5th Cir. Nov. 8, 1999) (citing *Hensley*, 461 U.S. at 433, 103 S. Ct. 1933; *Abrams v. Baylor College of Medicine*, 805 F.2d 528, 536 (5th Cir. 1986)). Rather, the district court is required to identify from the fee petition those

4

hours that were "reasonably" expended on the litigation. When making that determination, the district court is obligated to scrutinize the billing records carefully and to exclude excessive, duplicative, or otherwise unnecessary entries. *See Rivera*, 477 U.S. at 568, 106 S. Ct. 2686; *Hensley*, 461 U.S. at 424, 103 S. Ct. 1933; *Abrams*, 805 F.2d at 536. The district court should also consider whether the work performed was "'legal work in the strict sense,' or was merely clerical work that happened to be performed by a lawyer." *Abrams*, 805 F.2d at 536 (quoting *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717 (5th Cir. 1974)).

   a. Reasonable Hours[1]

A district court may reduce the hours claimed by the prevailing party in order to account for time expended on unsuccessful claims. This follows from the definition of a "prevailing party" as one who has "succeeded on 'any significant issue in litigation which achieve[d] some of the benefit the parties sought in bringing suit.'" *See Wyatt v. Cole*, 928 F.2d 718 (5th Cir. 1991), *rev'd on other grounds*, 504 U.S. 158, 112 S. Ct. 1827, 118 L. Ed. 2d 504 (1992) (citing *Hensley*, 461 U.S. at 424, 103 S. Ct. 1933, and *Texas State Teachers*, 489 U.S. at 782, 109 S. Ct. 1486. The district court arrives at a reasonable fee award "either by attempting to identify specific hours that should be eliminated or by simply reducing the award to account for the limited success of the plaintiff." *See Hensley*, 461 U.S. at 424, 103 S. Ct. 1933, and *Texas State Teachers*, 489 U.S. at 782, 109 S. Ct. 1486; *see also Kellstrom*, 50 F.3d at 331 (a reduced fee award is appropriate if the relief, however significant, is limited in comparison to the scope of the litigation as a whole); *Worldcom, Inc. v. Automated Commc'ns, Inc.*, 75 F. Supp. 2d 526, 531 (S.D. Miss. 1999).

---

[1] A spreadsheet showing what time the Court finds to be unreasonable is attached and is integrated as part of this Order.

Typically courts must determine whether a particular claim is sufficiently "related" to the successful claim to be compensable under section 1988. In the present case, Defendants contend that time spent on Plaintiff's First Amendment facial challenge was not appropriate under Section 1988. As noted above, the City of Columbus revised its ordinances to reflect appropriate First Amendment case law. The facial challenge to the ordinances was not a distinctly different claim based on different facts, just a different legal theory. The Court finds that the facial First Amendment challenge was not necessarily an "unsuccessful claim" as proposed by the Defendants. Accordingly, the time spent on all First Amendment claims shall be counted.

The Defendants additionally challenge the requested hours for Plaintiff's four attorneys seeking fees. Defendants question the overall reasonableness of the allegedly expended hours for a case pending approximately fourteen months, as well as the time expended for the following: drafting press releases, duplicative hours of multiple attorneys, inter-office discussions regarding the case, media releases, bill reviews, online research, and hours spent by attorneys not qualified to practice in the Northern District and for whom no entry of appearance was made in this case.

First, the Court finds that fees and expenses incurred after March 10, 2015 are non-compensable pursuant to the terms of the Offer of Judgment. *See* Offer of Judgment [72-1] (March 10, 2015) (including reasonable attorney's fees and costs incurred "as of the time of conveyance and service of this offer . . ." as part of Offer of Judgment).

Second, the Plaintiff's billing summary is marked as "Exhibit A" and "Exhibit B" to their request for attorney fees and sets forth the amounts charged for fees and expenses between April 4, 2011 and April 8, 2015. The present case was not filed until May 15, 2014. At some points during the litigation of this matter, Plaintiff had up to six attorneys working on his case. This

circumstance has obligated the Court to scrutinize closely these billings for duplication of effort and repetitive entries. *See Walker v. United States Department of Housing and Urban Development*, 99 F.3d 761, 768 (5th Cir.1996) (if more than one attorney is involved, the possibility of duplication of effort along with proper utilization of time should be scrutinized). Plaintiff's attorneys of record are Daniel J. Schmid and Mathew D. Staver, both admitted pro hac vice, and Stephen M. Crampton, local counsel. The billing records submitted by Plaintiff reveal that over six attorneys, and at least one law clerk, at some points in time were involved and charging time to Plaintiff's case. Because only the three attorneys listed on the docket have made an entry of appearance on behalf of Plaintiff and are recognized by the Court as qualified to practice in this federal forum, the Court finds hours submitted by attorneys other than those three are unreasonable under Section 1988. Moreover, the Court has combed through the submitted billable hours and has denoted by crossing out the text and including a "X2" identifier to show tasks which were duplicated between attorneys. Those times indicated as "X2" are not reasonable and are deducted from the lodestar hours.

The Defendant has challenged, and the fee applicant has failed to justify his request for attorney's fees for production of press releases, bill reviews, and online research. Accordingly, the Court reduces the fee request for those items. The spreadsheet reflects those reductions as well. The Court additionally finds that clerical work, although performed by an attorney, is not entitled to compensation at an attorney's rate. *See Abrams*, 805 F.2d at 536. Accordingly, the Court has meticulously combed through the billing summary and indicated which hours are considered clerical hours with the notation "LGA" as the Liberty Counsel did on its billing.

The Court finds that Plaintiff's counsels' billing requires additional scrutiny for excessive billing. In total, Plaintiff requests compensation for over 516 hours for litigating this case.

Although the Complaint was not filed until May 15, 2014, Plaintiff's counsel claims to have devoted 135.5 hours to Mr. Joiner's legal claims in the eleven months **prior to filing the complaint**. Indeed, Plaintiff's counsel claims to have spent those hours drafting and preparing to file the complaint. Prior to commencement of this case, Plaintiff's counsel spent 42.6 hours researching First Amendment case law, and 50.7 hours devoted to drafting and finalizing their Motion for Preliminary Injunction. The Complaint [1] was twenty pages, and was not so complex as to warrant the amount of time charged for its preparation. The Motion for Preliminary Injunction was filed at thirty-three pages and contained significantly more case cites and detail than the Complaint; however, according to Plaintiff's counsel, that document required one-third less time to draft. A review of the time spent on the Motion for Preliminary Injunction, however, shows that the reported time for preparation of that motion was excessive as well. The Court finds that the amount of hours billed prior to filing the complaint were excessive and not reasonable. The Court finds that because Plaintiff's attorneys hold themselves out as attorneys who solely or mostly practice in this area of law, allowing reimbursement for excessive hours spent in research and on case law in a decently straightforward case is unreasonable. Accordingly, the hours compensable in this pre-filing period (06/06/13 – 05/15/14 on billing sheets) shall be reduced by 80 hours. Those hours are deducted from Daniel Schmid's time as he was the main biller during the pre-filing time.

Accordingly, due to the reductions and as reflected on the spreadsheet attached to this Order, the final billable hours are noted here:

Daniel J. Schmid – 216.9

Stephen M. Crampton – 85.1

Mathew Staver – 7.4

Legal Assistant – 28.3

b. <u>Reasonable Rates</u>

A reasonable hourly rate is based on the "prevailing market rates in the relevant community." *Blum*, 465 U.S. at 895, 104 S. Ct. 1541. When the attorney's customary hourly rate is within the range of hourly fees in the prevailing market, that rate should be considered in setting a reasonable hourly rate. *See Islamic Center of Mississippi, Inc. v. City of Starkville*, 876 F.2d 465, 469 (5th Cir. 1989). The standard is an objective one, requiring evidence. A district court may not simply rely on its own experience in the relevant legal market to set a reasonable hourly billing rate. *See League of United Latin American Citizens (LULAC) v. Roscoe Indep. Sch. Dist.*, 119 F.3d 1228, 1234 (5th Cir.1997) (citing *Cobb v. Miller*, 818 F.2d 1227, 1232 & n.7 (5th Cir.1987)) (noting that a Magistrate Judge should not have considered his personal experience in setting a reasonable hourly rate). When a rate is not contested, it is prima facie reasonable. *Associated Builders & Contractors of Louisiana, Inc. v. Orleans Parish School Board*, 919 F.2d 374, 379 (5th Cir. 1990) (citing *Islamic Ctr.*, 876 F.2d at 469).

If, from the range of market rates submitted by the parties, the court chooses an hourly rate different from an attorney's alleged customary billing rate, the court must articulate reasons for doing so. *Islamic Ctr.*, 876 F.2d at 468 (citing *Black Grievance Committee v. Philadelphia Electric Co.*, 802 F.2d 648, 652–53 (3rd Cir. 1986), *vacated and remanded on other grounds*, 483 U.S. 1015, 107 S. Ct. 3255, 97 L. Ed. 2d 754 (1987). The district court's selection of a reasonable rate, if such a selection is made by the court, is reviewed on appeal for clear error. *See Kellstrom*, 50 F.3d at 324; *Powell v. Comm'r*, 891 F.2d 1167, 1173 (5th Cir.1990) (holding that determination of reasonable rates is question of fact, subject to clear error standard); *Islamic Ctr.*, 876 F.2d at 468 (using clear error standard to evaluate hourly rates awarded). To determine

reasonable rates, a court considers the attorneys' regular rates as well as prevailing rates. *HJ, Inc. v. Flygt Corp.*, 925 F.2d 257, 260 (8th Cir. 1991) (considering regular rates as well as prevailing rates); *Laffey v. Northwest Airlines, Inc.*, 746 F.2d 4, 23 (D.C. Cir. 1984) (calling for "reference to the customary billing rate followed by comparison to the prevailing community rate to ensure that the attorney's customary rate is reasonable"), *cert. denied*, 472 U.S. 1021, 105 S. Ct. 3488, 87 L. Ed. 2d 622 (1985).

Plaintiff has not stated what his attorneys' customary billing rates are. However, Plaintiff did attach to his Motion for Attorneys' Fees three affidavits to support his contention that compensating Stephen Crampton and Mathew Staver $400 an hour, and Daniel Schmid $200 an hour is reasonable. In particular, Plaintiff attached a Declaration from Jim Waide, a practitioner in the Northern District of Mississippi, who attested that based on Crampton's experience and reputation, "a reasonable hourly rate for Mr. Crampton would be $400 per hour, which is within the range of rates for attorneys in this community with similar skill and experience." Charles LiMandri also submitted a declaration supporting Plaintiff's fee request. LiMandri apparently practices in California and states that "as an attorney who specializes in First Amendment civil liberties litigation on a national basis, a reasonable rate for Daniel J. Schmid is $200 per hour; for Stephen M. Crampton is $400 per hour; [and] for Mathew D. Staver is $400 per hour . . . ." While LiMandri made that declaration on behalf of a national practice in constitutional law, the law is clear that the Court is to consider the "prevailing community rate," of which his affidavit offers no basis. *See Tollett v. City of Kemah*, 285 F.3d 357, 368 (5th Cir. 2002) (holding that rates must be based on the "local market," which the Fifth Circuit defines as the "community which the district sits."). Stephen Crampton also submitted a declaration that according to his familiarity with the local legal community, "a reasonable rate for Mr. Schmid is $200 per hour,

[and] for Mr. Staver is $400 per hour." In rebuttal, the Defendant offered two affidavits of local practitioners, both with extensive civil rights litigation experience. David O'Donnell averred that in Mississippi, a reasonable range for fees for the handling of cases like this one was between $150 and $250 an hour. Indeed, he stated that the "customary rate for an attorney with less than five years litigation experience is $125 - $150 an hour. Attorneys with 15 or more years of litigation experience customarily command $150 - $200 an hour in Mississippi." J. Lawson Hester, another Mississippi practitioner gave a similar statement that his normal billing rate in these types of cases, even with his twenty-eight years of experience, is $200 an hour or less, with less experienced partners and associates being billed at a rate between $155 an hour to $175 an hour. Both declarants stated that they were unaware of any civil rights practitioner charging more than $265 an hour, regardless of experience.

As Plaintiff has not put forth evidence of his attorneys' customary billing rates, the Court finds that the prevailing market rates in this locality to be closer to $250 an hour for those with extensive litigation experience, and $150 an hour for those with less experience. *See Sales v. Bailey*, No. 2:12cv056-SA, 2015 U.S. Dist. Lexis 52754, *5-7 (N.D. Miss. Apr. 22, 2015); *CrossFit, Inc. v. Columbus CrossFitness, LLC*, No. 1:13cv144-GHD, 2014 U.S. Dist. Lexis 81436, *5-10 (N.D. Miss. June 16, 2014); *Alexander v. City of Jackson*, No. 3:04cv614-HTW, 2011 U.S. Dist. Lexis 35091, *35-38 (S.D. Miss. Mar. 21, 2011).

Accordingly, after a reduction of the number of hours as noted above and on the spreadsheet attached, the Court calculates the total lodestar as follows:

| Attorney | Reasonable Hours | Reasonable Rate | Total |
| --- | --- | --- | --- |
| Daniel J. Schmid | 216.9 | $150 | $32,535 |
| Stephen Crampton | 85.1 | $250 | $21,275 |

| | | | |
|---|---|---|---|
| Mathew Staver | 7.4 | $250 | $1,850 |
| Legal Assistant | 28.3 | $80[2] | $2,264 |
| | | **TOTAL FEES:** | **$57,924** |

The *Johnson* Factors

There exists "a strong presumption that the lodestar represents the reasonable fee . . . [a]nd 'the district court should not enhance the lodestar unless the prevailing party shows that enhancement is necessary to make the award of attorneys' fees reasonable.'" *Watkins v. Fordice*, 7 F.3d 453, 459 (5th Cir. 1993) (citing *Blum*, 465 U.S. at 897–98, 104 S. Ct. 1541). Once the lodestar is determined it may be adjusted upward or downward in accordance with the twelve factors (often called "multipliers") set forth in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717–19 (5th Cir. 1974). The factors used to determine whether an adjustment is needed are as follows: (1) the time and labor required for the litigation; (2) the novelty and difficulty of the questions presented; (3) the skill required to perform the legal services properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the result obtained; (9) the experience, reputation and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. *Johnson*, 488 F.2d at 717–19. *Johnson's* viability has taken a few hits. For example, in *Perdue v. Kenny A. ex rel. Winn*, the United States Supreme Court stated that the lodestar approach has "become the guiding light of our fee-shifting jurisprudence." 559 U.S. 542, 551, 130 S. Ct. 1662, 176 L. Ed.

---

[2] The rate of compensation for the legal assistant was uncontested by Defendant.

2d 494 (2010) (citation and quotation marks omitted). The Court mentioned *Johnson* as an alternative methodology, but was critical of its "series of sometimes subjective factors." *Id*., 130 S. Ct. 1662. *Perdue* has not, however, been interpreted as overruling the Fifth Circuit's practice of using the *Johnson* factors when considering enhanced or reduced fees. *See DaSilva v. U.S. Citizenship & Immigration Servs.*, 599 F. App'x 535, 541 (5th Cir. 2014) ("[T]he Johnson factors allow either upward or downward adjustments."); *Black v. SettlePou, P.C.*, 732 F.3d 492, 502 (5th Cir. 2013) (using *Johnson* factors post *Perdue*). Still, not all *Johnson* factors remain viable in all cases. For example, "enhancement for contingency is not permitted under the fee-shifting statutes . . . ." *Burlington v. Dague*, 505 U.S. 557, 567, 112 S. Ct. 2638, 120 L. Ed. 2d 449 (1992). And *Perdue* tells us that "superior results are relevant only to the extent it can be shown that they are the result of superior attorney performance." 559 U.S. at 554, 130 S. Ct. 1662. Even before *Perdue*, the Fifth Circuit had already limited a number of *Johnson* factors when redundant to the lodestar approach. For example, in *Shipes v. Trinity Industries*, the Fifth Circuit held that "[f]our of the *Johnson* factors [-] the novelty and complexity of the issues [factor 2], the special skill and experience of counsel [3], the quality of representation [9], and the results obtained from the litigation [8] [-] are presumably fully reflected in the lodestar amount." 987 F.2d 311, 320–21 (5th Cir. 1993) (holding that upward adjustments for these factors would be "proper only in certain rare and exceptional cases"). The *Shipes* court also found that "time limitations [7]" were "accounted for in the lodestar amount," and that "preclusion of other employment [4] ... will ordinarily be subsumed within the lodestar amount." *Id*. at 321–22.

Accordingly, the Court evaluates the remaining *Johnson* multipliers to determine whether the lodestar amount should be enhanced or reduced.

*1. Novelty, Difficulty and Attorney Skill*

The *Johnson* opinion recognizes the common-sense proposition that easier and more routine matters take less time to prepare than do cases that present novel, difficult questions. *See Johnson*, 488 F.2d at 717–18. Similarly, it is also reasonable to assume that a more experienced attorney will take less time to accomplish a routine task than will a novice. *See LULAC*, 119 F.3d at 1234. Furthermore, the Fifth Circuit has stated that it is appropriate to distinguish between legal tasks that plainly require an attorney's skill, and other tasks such as investigation, clerical work, compilation of facts and statistics, work which often can be accomplished by non-lawyers but which a lawyer may do because he has no other help available, or simply because the lawyer may desire to perform a specific task. The Fifth Circuit recognizes that such work not requiring the skill of an attorney, but which an attorney nevertheless may perform, may command a lesser rate. *Cruz v. Hauck*, 762 F.2d at 1235. This Court took these matters into account when it determined the lodestar and finds no basis for further adjustment.

*2. Preclusion of Other Employment*

This factor involves conflicts of interest which may arise from the representation and the time the representation in question may take away from the attorney for other opportunities. *Johnson*, 488 F.2d at 718. Few Fifth Circuit decisions deal in any depth with this factor. However, district court cases note that as a general matter the "preclusion from accepting other employment" factor is more appropriate when considering an increase in or enhancement of the lodestar amount. *See Migis v. Pearle Vision, Inc.*, 944 F. Supp. 508 (N.D. Tex. 1996). This court finds no basis for enhancement in the instant case.

*3. Customary Fee—Attorney Experience, Reputation, and Ability*

At least two of the *Johnson* factors are relevant in determining a reasonable rate of compensation. They are: (1) the experience, reputation and ability of counsel; and (2) the customary fee for similar work in the community. *Shipes*, 987 F.2d at 319; *Alberti*, 896 F.2d at 930. Because these factors were analyzed and considered in determining the reasonable rate for compensation under the lodestar calculation, this factor has no effect.

*4. Time Limitations Imposed by Client or Circumstances*

This factor—time limitations imposed by the client or by circumstances—ordinarily arises in conjunction with a request for enhancement of the lodestar amount. *See Alberti*, 896 F.2d 927, 934 (5th Cir. 1990). The *Johnson* Court stated that this factor is particularly important when a new counsel is called in to prosecute the appeal or handle matters at a late stage in the proceeding. *Johnson*, 488 F.2d at 718; *In re Combustion, Inc.*, 968 F. Supp. 1116, 1137 (W.D. La. 1997). These circumstances are not present in the instant case.

*5. Amount Involved and the Results Obtained*

Generally, where the plaintiff recovers most, if not all, of the amount claimed of the relief sought, the results obtained may be classified as excellent and the fee awarded should reflect this outcome. Similarly, if a favorable decision corrects a discriminatory or other unconstitutional circumstance which affects a large class of citizens, then the fee should reflect the relief obtained. *See Johnson*, 488 F.2d. at 718; *In Re Combustion*, Inc., 968 F. Supp. at 1139 (bringing this factor into play where an important public policy is advanced by the decision); *Feinberg v. Hibernia Corp.*, 966 F. Supp. 442, 453 (E.D. La. 1997) (refusing to enhance a fee award where the settlement amount of $20,000,000.00 represented only 20% – 25% of the original claim).

Plaintiff did not specify damages sought in this case, only requesting injunctive relief, compensatory damages for the harm he suffered, and nominal damages. This court already has taken these matters into account.

   6.  *The Undesirability of the Case*

The district court may conclude that a case is undesirable where the prevailing attorney was subjected to oppressive, unpleasant, or intimidating conditions during the representation of the client. *Cooper v. Pentecost*, 77 F.3d at 834. This factor was added to the list of factors to be considered by the *Johnson* Court, in recognition of the possibility that representation in civil rights cases might have a negative economic impact on an attorney's practice. *Johnson*, 488 F.2d at 718. This factor is not present in the instant case.

After reviewing all the *Johnson* factors, the Court is of the opinion that the lodestar amount should be neither enhanced nor reduced based on the multipliers.

   c.  Compensation for Attorneys' Fee Dispute

Prevailing parties are entitled to attorney's fees for time spent establishing and litigating a fee claim as well as for time spent prosecuting the merits of the civil rights action. *Johnson v. State of Mississippi*, 606 F.2d 635, 637–38 (5th Cir. 1979). The Plaintiff's attorneys seek $22,379.50 for their work on the fees issue in this case. That figure, however, is based on the higher rate of billing that Plaintiff asserted they were owed and work performed by attorneys who have not made an entry of appearance in this matter. As noted above, the prevailing community rate applies also to this fee request and the request will be reduced by the hours accountable to attorneys not specified above or on the docket.

The Court further finds that the hours spent crafting this motion and reply are unreasonable, especially given the numerous hours spent researching and compiling attorneys'

16

fees for settlement issues prior to the Offer of Judgment.[3] Accordingly, the fee request for the motion for attorneys' fees will be reduced by half after reduction of the requested rate and for persons not appearing in this action. After review of the time sheets and the materials presented, the Court hereby awards the Plaintiff $7,636 for fees incurred in filing the motion for attorneys' fees and reply thereto.

  d. Costs

After subtracting the costs for online research as noted above, the total awardable costs are $1,556.78.

*Conclusion*

Attorneys' fees and costs in this case are appropriately awarded in this case. However, the Court finds that due to the duplicative billing, excessive number of hours reportedly spent on this case, and the posture of the case when the Offer of Judgment was accepted, the requested attorneys' fees are unreasonable. Accordingly, the Court reduces the number of compensable hours and the rates to the more prevailing community rates. The Motion for Attorneys' Fees [74] is GRANTED IN PART and DENIED IN PART. The Court finds reasonable attorneys' fees in the total amount of $65,560, and costs of $1,556.78 to fully compensate Plaintiff's counsel for their time and efforts in this case.

SO ORDERED, this the 4th day of January, 2016.

/s/ Sharion Aycock
**U.S. DISTRICT JUDGE**

---

[3] At least thirty-two hours were memorialized as spent reviewing and revising billable time by Plaintiff's attorneys **prior to** the Offer of Judgment.